OPINION *Page 2 
{¶ 1} Amanda Matheny is the mother of four children: Chad Dunn born October 28, 2001, Jason Durbin, Jr. born December 12, 2002, Logan Winters born September 21, 2004, and Russell Winters born December 26, 2006. Father of Chad is Travis McFeeders. Father of Jason is Jason Durbin, Sr. Father of Logan and Russell is appellant, Sean Winters. Ms. Matheny and appellant are married.
 {¶ 2} On October 26, 2006, appellee, the Tuscarawas County Job and Family Services, filed a complaint alleging Chad, Jason, and Logan to be neglected and dependent (Case No. 2006JN00559). On November 21, 2006, a stipulation was made as to dependency. On November 27, 2006, the trial court placed the children in appellee's temporary custody.
 {¶ 3} On December 26, 2006, Ms. Matheny gave birth to Russell. On December 28, 2006, appellee filed a complaint alleging Russell to be dependent (Case No. 2006JN00668). By judgment entry filed January 25, 2007, the trial court found Russell to be dependent.
 {¶ 4} On September 5, 2007, appellee filed a motion to modify prior dispositions, requesting permanent custody of all four children. Hearings were held on January 10 and 25, 2008. By judgment entries filed February 22, 2008, the trial court granted permanent custody of the children to appellee.
 {¶ 5} Appellant filed an appeal and this matter is now before this case for consideration. Assignment of error is as follows: *Page 3 
 I {¶ 6} "THERE WAS NOT CLEAR AND CONVINCING EVIDENCE FOR THE TRIAL COURT TO FIND THAT THE MINOR CHILD COULD NOT AND SHOULD NOT BE PLACED WITH THE APPELLANT AND THAT IT WAS IN THE MINOR CHILD'S BEST INTEREST TO BE PLACED IN THE PERMANENT CUSTODY OF TUSCARAWAS COUNTY JOB AND FAMILY SERVICES."
 I {¶ 7} Appellant claims the trial court's decision to grant permanent custody of Russell to appellee was not supported by clear and convincing evidence. We disagree.
 {¶ 8} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 9} R.C. 2151.414 governs procedures upon the filing of a motion for permanent custody. Subsections (B)(1) and (2) state the following:
 {¶ 10} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply: *Page 4 
 {¶ 11} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 12} "(b) The child is abandoned.
 {¶ 13} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 14} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 15} "* * *
 {¶ 16} "(2) With respect to a motion made pursuant to division (D)(2) of section 2151.413 of the Revised Code, the court shall grant permanent custody of the child to the movant if the court determines in accordance with division (E) of this section that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of this section that permanent custody is in the child's best interest."
 {¶ 17} R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following: *Page 5 
 {¶ 18} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 19} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 20} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 21} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 22} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 23} The gravamen of this appeal is whether the evidence supports the conclusion that with reasonable efforts, the child cannot be placed with appellant.
 {¶ 24} Amanda Matheny gave birth to the child in this case during the pending dependency complaints concerning the couple's other child, Logan, and Ms. Matheny's other children, Chad and Jason. Appellant and Ms. Matheny were the subjects of other appeals involving said children. We have reviewed the trial court's decision as it pertains to these other children (Case Nos. 2008AP030016, 2008AP030017, and 2008AP030019), and incorporate our ruling therein as part of the disposition sub judice. *Page 6 
 {¶ 25} Although the child has never been in the home, we concur with the trial court's view that the lack of progress with the case plan is sufficient to support the decision to grant permanent custody to appellee.
 {¶ 26} The sole assignment of error is denied.
 {¶ 27} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division, is hereby affirmed.
 By Farmer, J. Gwin, P.J. and Delaney, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division, is affirmed.